THEODORE BARNARD *et al. versus* THOMAS O. POOR.

In an action on the case against the defendant for carelessly and negligently setting a
fire on his own land whereby the plaintiffs' property on adjoining land was con-
sumed, it is not material whether the proof shows gross negligence or only want
of ordinary care, for in either case the plaintiffs would be entitled to recover
damages to the amount of the actual loss sustained by them, and no more, in the
form of vindictive damages or otherwise.

The plaintiffs entered into a contract with the owners of growing wood, to cut and
carry it away at a fixed price per cord, the wood to be measured by a sworn
surveyor, and the plaintiffs were also to have one half of the refuse wood ; and in
pursuance of the contract a large quantity of wood was cut and corded, but was
not measured in the mode agreed on.  In an action of the case against the de-
fendant for negligently setting a fire on his land adjoining, whereby the wood was
consumed, it was *held*, that the property in the corded wood had not vested in the
plaintiffs, and that the measure of damages in respect to it was the value of the
wood, deducting the price which the plaintiffs were to pay for it to the owners ;
that one half of the refuse wood had vested in the plaintiffs, and as to that the
measure of damages was the value of their half ; and that they were not entitled
to recover for the profits which they would have made on the wood which remained
uncut, in case it had not been destroyed ; nor for the counsel fees or other expenses
of prosecuting the action, beyond the taxed costs.

THIS was an action upon the case, for negligently setting a
fire, on April 27, 1837.

At the trial, before *Putnam* J., it was admitted that the
defendant set the fire, and that it was done in a careless and
imprudent manner.  The plaintiffs proposed to prove gross
negligence.

The plaintiffs proved by one Johnson the following contract,
not in writing : — That in November, 1836, Barnard agreed
with Kittredge and Woodman for the purchase of a quantity
of wood standing on about eight acres of ground belonging to
Kittredge and Woodman.  Barnard was to cut, cord, and have
the wood measured by a sworn surveyor, and pay $3·50 per
cord for the pine wood, and $4·50 per cord for the oak wood.
Of the refuse wood Barnard was to have one half, and Kitt
redge and Woodman the other half ; and in case the parties
should not agree as to how much was to be deemed refuse,
it was to be determined by Johnson.  Payment was to be
made for the wood in May or June, 1837.

It was admitted that the action was brought by the proper
parties ; and that the plaintiffs had entered under the contract

and had expended much labor upon the wood in cutting, splitting and cording it.

One Kimball, called by the plaintiffs, testified that at the request of Barnard he measured 64 cords of the pine wood, and that there was about as much oak wood ; that the oak and refuse wood were not corded ; that he had been chosen measurer of wood, but had not taken the oath of office, and he informed Barnard of this fact, and Barnard said it was of no consequence.

It was admitted that the wood was consumed by the fire, and the plaintiffs averred that they thereby lost all the labor they had expended thereon, and all the benefit that had or might have accrued to them under the contract, and all their property in the wood.

The plaintiffs then proposed to prove the quantity and value of the oak, pine, and refuse wood, which had been cut under the contract, the amount of labor which had been expended by them upon the same, and all the particulars of value, for the purpose of fixing the amount of damages which they might be entitled to recover in the action.

The defendant objected, on the ground that if the plaintiffs were entitled to recover damages, it could be only for the value of the wood (if any) belonging to them, destroyed by the fire.

Upon this the case was taken from the jury by consent ; and if the whole Court should be of opinion, that it was competent for the plaintiffs to prove and recover for the loss and damage under all or either of the above heads, the case was to be referred to two persons named, to hear the parties and determine the amount of damages.

*Hazen*, for the plaintiffs, insisted, that as the defendant admitted he set the fire in a careless and imprudent manner, the referees were to presume that he had been guilty of gross negligence, and that such negligence was evidence of fraud, which it was incumbent on him to rebut ; *Mead* v. *Hamond*, 1 Str. 504 ; that if the referees should find gross negligence, they should award all the actual damage suffered by the plaintiffs, and, in addition thereto, such vindictive damages as a jury, upon all the circumstances, would probably find, and would

*Nov. 6th.*

be warranted in finding ; that if the referees should find no more than ordinary negligence, then they should assess all the actual damages of the plaintiffs, viz. 1. For all labor done by them on all the wood except one half .of the refuse wood ; *Keeble* v. *Hickeringill,* in note to 11 East, 574 ; *S. C.* 11 Mod. 74 ; *White* v. *Moseley,* 8 Pick. 356 ; 2. For the value of one half of the refuse wood ; 3. For loss of profits ; 4. For the expenses of this suit, besides those taxed by law to the prevailing party, the same having been wholly occasioned by the wrongful acts of the defendant ; *Cole* v. *Fisher,* 11 Mass. R. 138 ; *Forbes* v. *Parker,* 16 Pick. 466.

*Saltonstall,* for the defendant.

Nov. 8th.    SHAW C. J. delivered the opinion of the Court.    The question submitted to the Court in the present case is, whether upon the facts proved, the plaintiffs are entitled to recover damages, and if so, upon what principles.    The action is case, charging the defendant with carelessly and negligently setting a fire on his own lands, by which a quantity of wood, on adjoining lands, was destroyed.    The plaintiffs had entered into an executory contract with the owners of a quantity of growing wood, to cut it and carry it away, at fixed prices per cord, in pursuance of which, a large quantity had been cut and corded.    By the agreement the plaintiffs were to have one half of the refuse wood, as a compensation for the labor of cutting, and a quantity of such refuse wood was consumed by the same fire.

The Court are of opinion, that in this action it is immaterial whether the proof establishes gross negligence, or only want of ordinary care, on the part of the defendant.    In either case the plaintiffs would be entitled to recover in damages the actual amount of loss sustained, and no more, in the form of vindictive damages, or otherwise.

It appears from the facts reported, that the corded wood, pine and oak, had not been measured, in the mode agreed on by the parties, so that the property in it had not vested in the vendees.    But in the case of the refuse wood, no act remained to be done ; by the agreement, they were in possession by the act of cutting and no further delivery was necessary ; one half of this wood therefore became the property of the plaintiffs, as soon as severed, and of this undivided half they were the

owners at the time of its destruction by the fire. Its value is a proper subject of damage.

<em>Barnard<br>v.<br>Poor.</em>

In regard to the other point, the Court are of opinion, that the measure of damages, is not the value of the labor expended upon the wood by the plaintiffs, for that may be more or less than the plaintiffs' interest in it. But the true measure of the damage, is the value of the wood to them, for market or otherwise, deducting the sum which the plaintiffs were to have paid to the owners for the wood.

It was contended that the plaintiffs could recover no damages for this wood, because the value of the labor had gone into the wood, which was still the property of the original owners, and that the defendant would be liable to them for this increased value. But we think this position cannot be maintained. This labor was expended on the wood in pursuance of an express contract; and the owners of the wood were under no legal obligation to pay the plaintiffs for their labor. The measure of damages for the owners of the wood, would be the value of the wood, independent of the labor thus expended upon it by the plaintiffs; and *primâ facie* the price which they were by contract to receive for it, would be deemed the measure of that value. The plaintiffs therefore had an interest in the wood, which was, to take it at the prices agreed upon, $3·50 and $4·50, respectively for the two kinds of wood, an interest which they must have realized, had the wood not been destroyed by the fire. Whether they had a *lien* or not, they had a direct interest to this extent, and to this extent they are entitled to recover damages.

In regard to profits which might have been realized from cutting the remainder of the standing wood, in pursuance of the contract, we think it is an interest too remote and contingent, to be the subject of damages in this action.

And as to any extra costs of this suit, beyond the costs to be taxed, the Court are of opinion, that no claim of that kind, by way of damages, is admissible. Formerly a notion prevailed, that in trespass and other actions sounding in damages, a jury, being limited by no definite rule, might include in their estimate of damages, the counsel fees, and other costs of litigation, not included in the taxable costs, and this is countenanced

by an expression in the opinion of Mr. Chief Justice *Sewall*, in *Cole* v. *Fisher*, 11 Mass. R. 139.   In that case, it was not the costs of the same suit of which he spoke, but, in considering whether the plaintiff 'had adopted the right form of action, case or trespass, for a tort, it was suggested to be probably immaterial, because if the plaintiff were to fail in that suit and bring another, the jury might take into consideration the costs of the unsuccessful suit, in estimating the damages in the succeeding one.

But this point has been since considered, (*Rice* v. *Austin*, 17 Mass. R. 197 ; *Leffingwell* v. *Elliott*, 10 Pick. 204,) and it is now well settled, that even in an action of trespass, or other action sounding in damages, the counsel fees, and other expenses of prosecuting the suit, not included in the taxed costs, cannot be taken into consideration in assessing damages ; and if such costs were included by a jury, it would be irregular and erroneous.   We think therefore that the plaintiffs are entitled to recover the value of one half of the refuse wood, according to the quantity proved to have been destroyed, and secondly, the value of the cord wood, according to the quantity destroyed, deducting the price at the rate of $ 3·50 for the pine and $ 4·50 for the oak ; and that the other claims of the plaintiff for damages, must be disallowed by the assessors.